UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTICIA MACALOU,

                Plaintiff,                           22-cv-10439 (PKC)

    -against-                                 ORDER

FIRST UNUM LIFE INSURANCE COMPANY,
et al.

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This an action by Anticia Macalou challenging the determination of the claims administrator and plan administrator of an ERISA plan providing Long Term Disability ("LTD") benefits. Macalou, who was denied LTD benefits, argues that she should be permitted discovery to establish whether a conflict of interest on the part of the claim administrator, First Unum Life Insurance Company ("First Unum"), impacted the determination of her claim. First Unum argues that no discovery should be permitted and that the case should be decided exclusively on the administrative record.

        In <u>Metropolitan Life Insurance. Co. v. Glenn</u>, 554 U.S. 105 (2008), the Court concluded that a plan fiduciary's conflict of interest such as when it both evaluates a claim and pays the benefit is a factor that a court should consider in determining whether the plan fiduciary abused its discretion. The parties are in substantial agreement that before permitting conflict of interest discovery, most courts in this district have required the plaintiff to demonstrate that there is a reasonable chance that the requested discovery will produce evidence to satisfy the good cause requirement for the court's actual consideration of evidence beyond the administrative

record.[1] See, e.g., Capretta v. Prudential Ins. Co. of Am., No. 16 Civ. 1929 (DAB), 2017 WL 4012058, at *6 (S.D.N.Y. Aug. 28, 2017).

Here, First Unum concedes that it operates under a conflict of interest because it both determines whether a benefit should be allowed and pays the benefit if it is allowed. It urges that there must be some evidence that the conflict influenced the outcome before allowing discovery. The Court concludes that abuses in claims handling leading up to a now 20-year-old regulatory settlement is weak evidence that the conflict infected the process. But there is enough pled in the complaint and her letter in support of discovery (ECF 25) to nudge Macalou's claim over the hurdle to allow at least some narrowly tailored conflict-related discovery. She alleges that First Unum ignored assessments from treating physicians without basis or explanation and relied instead on its own in-house consultants and paid employees who never examined Macalou.

The Court will require First Unum to produce the following within 21 days:[2]

1. Any bonus, commission, stock option or financial incentive (excluding straight salary) for which any of the claims and appeal representatives, in-house doctors and in-house vocational experts who actually functioned on Macalou's claim (collectively, "Relevant Persons"[3]) were eligible for the years 2021 and 2022.

2. The performance reviews for 2021 and 2022 for the Relevant Persons.

3. Any disclosure to the Relevant Persons of any reserve, recovery plan or recovery target relating to Macalou's claim as those terms are used in Macalou's letter of April 7, 2023 (ECF 25 at 9-10 & 12).

---

[1] Because the Court finds the reasonable chance standard is satisfied, it need not reach Macalou's argument that Rule 26(b), Fed. R. Civ. P., controls.
[2] First Unum may produce this information pursuant to a confidentiality Order to be submitted to the Court.
[3] Relevant Persons, include but are not limited to Messrs. Shipko, Kletti, Critchfield and Brown.

4.     Any internal rules, procedures, manual or guidelines governing the adjudication of a LTD benefit claim, including an appeal of a denial of a claim.

Macalou's letter motion (ECF 25) is GRANTED to the extent indicated above and otherwise DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 10, 2023