UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTICIA MACALOU,<br><br>Plaintiff,<br><br>FIRST UNUM LIFE INSURANCE COMPANY, MCKINSEY & COMPANY, INC. PLAN, and MCKINSEY & COMPANY, INC.,<br><br>Defendants. | Civil Action No.1:22-cv-10439<br><br>**Stipulated Confidentiality Agreement and Protective Order** |

P. KEVIN CASTEL, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through their respective counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED:

1. **"Confidential" Materials.** "Confidential" materials are documents, Information, testimony or tangible items ("Materials") so designated by the producing party. A party disclosing or producing the Materials that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating

- 1 -

in writing (by correspondence or otherwise) that some or all Materials produced are "Confidential." A party shall make the designation of "Confidential" only as to Materials which that party reasonably and in good faith believes is confidential and entitled to protection under Fed. R. Civ. P.26(c). Any such designation shall be made at the time answers to interrogatories or answers to requests for the production of documents and information are served; or at the time that tangible things or copies of the Materials are furnished to a party conducting such discovery. If upon review any party believes that any Materials designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 13 below.

If timely corrected, an inadvertent failure to designate qualified Materials as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order.

2. Scope of "Confidential" Designation. The special treatment accorded the documents designated "Confidential" under this Order shall reach:

(a) All documents designated "Confidential" under the terms of this Order;

(b) All copies of such documents;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

(d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

(e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

(f) All information contained in such documents or depositions.

3. <u>Restrictions on Disclosure of "Confidential" Materials</u>. Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "Confidential" shall be used solely for the preparation and trial of this action (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

(a) The parties to this litigation or Court personnel;

(b) Counsel for parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses to testify concerning the suit;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4. <u>Certification of Compliance</u>. No person authorized to receive access to "Confidential" materials under the terms of this Order (except for those persons identified in paragraph 3(a)-(c) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

5. <u>Use of "Confidential" Materials at Depositions</u>. Any "Confidential" Materials

marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" Materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> Any Party may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 13.

7. <u>Use of "Confidential" Materials in Papers Filed with the Court.</u> Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110,

119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's Confidential Materials shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

8. <u>Use of "Confidential" Materials in Court</u>. Materials designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this action, or at any hearing in this litigation, provided that when using "Confidential" materials in Court, counsel for the party using the "Confidential" materials shall take steps to insure against inadvertent disclosure of the "Confidential" materials to persons not subject to this Order.

9. <u>Inadvertent Production</u>. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. <u>Non-Termination and Return of Materials</u>. The provisions of this Order shall

continue to apply to all "Confidential" Materials after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "Confidential" Materials and copies thereof to the producing party within 30 days. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

11. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

12. <u>Interim Protection</u>. "Confidential" materials produced by any party in response to discovery requests served after the filing of the complaint in this action and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

13. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review another party believes in good faith that any materials, information or tangible items designated by a designating party are not "Confidential," then the non-designating party may challenge the designation by notifying the designating party in writing or by email within thirty (30) days of receipt of the material, information or tangible item ("Notification"). The written Notification must specifically identify the challenged materials, information or tangible items by bates-numbered pages where available. The designating party must then seek a protective order from the Court for such materials, information or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the Notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden

of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under Fed. R. Civ. P.26(c). The filing of a Motion for Protective Order by the designating party within the time limit set forth above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

Prior to submitting to this Court disputes regarding confidentiality of materials, the parties shall confer and shall report to this Court on the outcome of the conference.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for contempt thereof.

SO STIPULATED AND AGREED.

_____
Paul Kampfer
Hiller, PC
*Attorneys for Plaintiff*
Dated: May 30, 2023

_____
Robert Wright
White and Williams, LLP
*Attorneys for Defendants*
Dated: May 30, 2023

SO ORDERED.

Dated: May 31, 2023
New York, New York

_____
P. Kevin Castel
United States District Judge

- 7 -

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTICIA MACALOU,<br><br>Plaintiff,<br><br>FIRST UNUM LIFE INSURANCE COMPANY, MCKINSEY & COMPANY, INC. PLAN, and MCKINSEY & COMPANY, INC.,<br><br>Defendant. | Civil Action No.1:22-cv-10439<br><br>**Stipulated Confidentiality Agreement and Protective Order** |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

In consideration of the disclosure to me of certain information which is subject to a Protective order of this Court I state as follows:

1. That I reside at _____, in the city and county of _____ and the state of _____.

2. That I have read and understand the Protective Order dated _____, entered into in the above styled civil action (the "Action");

- 8 -

3. That I agree to comply with and be bound by the provisions of the Protective Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document, item or information as defined by the Protective Order, except as provided herein.

5. That I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6. That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Protective Order.

Signature: _____

Date: _____