# HILLER, PC
*Attorneys at Law*

641 Lexington Avenue, 29th Floor
New York, New York 10022
Tel.: (212) 319-4000

Web Address: www.hillerpc.com
Direct email:pkampfer@hillerpc.com

February 22, 2024

*Via ECF*

Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

> The parties provisionally may file the identified documents under seal but the plaintiff shall file redacted versions of the documents within 30 days with a [redacted]
>
> SO ORDERED
> [signature]
> USDJ
> 2-28-24

Re: *Macalou v. First Unum Life Ins. Co., et al.*
    Civil Action No.: 22-cv-10439 (PKC)

Dear Judge Castel:

We represent Plaintiff, Anticia Macalou ("Plaintiff" or "Anticia"), in the above-referenced ERISA enforcement action against Defendants. Pursuant to Your Honor's Individual Rules, we submit this letter motion seeking an order sealing certain documents that have already been filed, and that will be filed, in this matter on the Court's Electronic Filing ("ECF") System ("Letter Motion"). Specifically, we respectfully request that the following documents be sealed pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006):

- Administrative Record (Dkt. Nos. 48-1 through 48-11);
- Complaint (Dkt. No. 1);
- Parties' Trial Briefs and Statements of Proposed Facts (Dkt. Nos. 49 through 53);
- Parties' Opposition Trial Brief and Response to Statements of Proposed Facts, which are due on February 23, 2024; and
- Parties' respective Reply Trial Briefs, which are due on March 11, 2024

(collectively, "Medically Sensitive Documents").

The Medically Sensitive Documents should be sealed because they are either comprised of, or include detailed summaries of, Anticia's psychiatric and psychological medical records. As discussed below, this Court routinely seals medical records in order to protect the privacy interests of litigants before the Court. Defendants *do not oppose* this Letter Motion. In fact, subject to the Court's approval, the parties have stipulated to sealing the Medically Sensitive Documents (*see* Exhibit A, attached hereto).

***Relevant Facts***

By this action, Anticia seeks to recover certain Long Term Disability benefits ("LTD Benefits") to which she is entitled under the terms of an employee welfare benefit plan governed by

Hon. P. Kevin Castel
February 22, 2024
page 2

the Employee Retirement Income Security Act of 1974 ("ERISA"). Anticia suffers from various psychiatric and psychological illnesses that prevent her from performing the material duties of her own occupation as an Expert Associate Partner at a business consulting firm. In order to prove her entitlement to LTD Benefits, Anticia necessarily had to submit medical records and other sensitive documentation in support of her disability -- documentation that is contained in the Administrative Record, which was filed in connection with the parties' Trial Briefs (Dkt. Nos. 48-1 through 48-11). In addition to the actual medical records and the statements, forms, and letters from Anticia's treating physicians, the Administrative Record also contains detailed summaries of said medical evidence by the undersigned as well as by Defendants' file review doctors (collectively, "Medical Records"). In all, over 62% of the Administrative Record (*i.e.*, approximately 1,280 pages out of the 2,051 total pages) contains Anticia's Medical Records. In addition, the Complaint and parties' Trial Briefs, Statements of Proposed Facts, Opposition Trial Briefs, Responses to Statements of Proposed Facts, and Reply Trial Briefs (collectively, "Trial Papers") also include (or will include) detailed references to, and in some cases, quite extensive summaries of, Anticia's Medical Records.[1]

### *Standard for Sealing Documents*

The Second Circuit has set forth a three-part test to determine whether documents should be placed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). *First*, the Court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Documents are "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). *Second*, once the Court determines whether the items to be sealed are judicial documents, the Court must determine the weight of the presumption in favor of public access. *Id.* "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id. Lastly*, the Court must "'balance competing considerations against it.' Such countervailing factors include but are not limited to ... 'the privacy interests of those resisting disclosure.'" *Id.*

### *Argument*

Here, Anticia satisfies the *Lugosch* test in the context of the Medically Sensitive Documents. Although the Medically Sensitive Documents are "judicial documents" and there is a presumption in favor of public access, Courts in this Circuit regularly seal Medical Records at the third step of the three-part test by reason of the parties' countervailing privacy interests -- that is, the need to

---

[1] Under Your Honor's Individual Rules and the ECF Rules & Instructions, we would be required to contemporaneously file the Medically Sensitive Documents under seal. However, in this case, we have not done so because the Medically Sensitive Documents have already been filed on the Court's ECF system or are due to be filed in the future.

Hon. P. Kevin Castel
February 22, 2024
page 3

protect a plaintiff's privacy interest in her medical information outweighs the presumption of public access. *See, e.g., J.M. v. United Healthcare Ins.*, 2023 U.S. Dist. LEXIS 177253, at *4 (S.D.N.Y. Sept. 29, 2023) (granting motion to seal entire Administrative Record, "which contains highly sensitive personal and medical information..."); *Valentini v. Grp. Health Inc.*, 2020 U.S. Dist. LEXIS 241859, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("plaintiffs' privacy interests...outweigh the presumption of public access at this time"); *Molina v. Brann*, 2022 U.S. Dist. LEXIS 226958, at *19 (S.D.N.Y. Dec. 16, 2022) (the sealing of Plaintiff's medical records "is necessary to protect Plaintiff's privacy interest in his medical information and that the sealing request is narrowly tailored to achieve that result"); *Davidson v. Brann*, 2022 U.S. Dist. LEXIS 225558, at *20 (S.D.N.Y. Dec. 13, 2022) (same); *Dabiri v. Fed'n of States Med. Bds. of the U.S., Inc.*, 2023 U.S. Dist. LEXIS 94994, at *6-8 (E.D.N.Y. May 31, 2023) (sealing medical records because they contain "more detailed medical information, including examination and evaluation notes from Plaintiff's treating doctors"); *Toolasprashad v. Toolasprashad*, 2021 U.S. Dist. LEXIS 205238, *6 (E.D.N.Y. Oct. 25, 2021) (collecting cases for the premise that "[C]ourts in this Circuit routinely seal medical records...to protect the plaintiff's privacy interest in those records"). Indeed, "federal law treats medical records as confidential." *Northrop v. Carucci*, 2007 U.S. Dist. LEXIS 16491, at *10 (D. Conn. Mar. 5, 2007) citing Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191 (1996).

In fact, Courts in this Circuit routinely permit the entire Administrative Record in ERISA disability cases, which contains a claimant's detailed medical records, to be filed under seal. *See, e.g., J.M.*, 2023 U.S. Dist. LEXIS 177253, at *4; *Aitken v. Aetna Life Ins. Co.*, 2018 U.S. Dist. LEXIS 164008, at *2 (S.D.N.Y. Sept. 25, 2018); *Shahgholi v. Aetna Inc.*, 2018 U.S. Dist. LEXIS 148400, at *20 (S.D.N.Y. Aug. 30, 2018); *Hafford v. Aetna Life Ins. Co.*, 2017 U.S. Dist. LEXIS 91763, at *2 (S.D.N.Y. June 13, 2017); *Ramirez v. Hartford Life & Accident Ins. Co.*, 2021 U.S. Dist. LEXIS 65693, at *2 (S.D.N.Y. Apr. 5, 2021); *Williams v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 33664, *1 (W.D.N.Y. April 6, 2010); *Tyll v. Stanley Black & Decker Life Ins. Prog*, 2020 U.S. Dist. LEXIS 263254, at *3 (D. Conn. Feb. 21, 2020). In addition, in cases involving claims for Social Security Disability benefits where, similar to cases for ERISA LTD Benefits, the administrative record is comprised mostly of medical records, Rule 5.2(c) of the Federal Rules of Civil Procedure limits electronic access to the Administrative Record to the parties and their attorneys.

Furthermore, Courts in this Circuit regularly seal medical records even in cases where the plaintiff has put her medical condition at issue in the lawsuit. *See e.g., Id.; Dabiri*, 2023 U.S. Dist. LEXIS 94994, at *7; *Valentini*, 2020 U.S. Dist. LEXIS 241859, at *5-6; *J.M.*, 2023 U.S. Dist. LEXIS 177253, at *4-6; *Doe v. Hyassat*, 2022 U.S. Dist. LEXIS 222870, at *2 (S.D.N.Y. Dec. 7, 2022). And, Courts also grant motions to seal where the records were previously filed on the public docket. *See e.g., Dabiri*, 2023 U.S. Dist. LEXIS 94994, at *7; *Yutong Jin v. Choi*, 2021 U.S. Dist. LEXIS 113890, at *2 (S.D.N.Y. June 17, 2021).

In this case, although Anticia put her medical conditions at issue by suing for LTD Benefits, she nonetheless maintains a significant privacy interest in her medical records and the summaries

Hon. P. Kevin Castel
February 22, 2024
page 4

thereof. This is particularly true of Anticia's psychiatric and psychological Medical Records which discuss intimate details of her life, symptoms, illnesses, and treatment. Therefore, the Administrative Record, which contains these sensitive Medical Records should be sealed.[2]

Similarly, the Complaint and the Parties' Trial Papers should also be sealed because they contain (or will contain) detailed descriptions and summaries of Anticia's Medical Records. Inasmuch as the Medically Sensitive Documents are/will be replete with Anticia's private health information, there are compelling confidentiality concerns that outweigh the presumption of public access. Anticia should not have to sacrifice her right to privacy by bringing this lawsuit. In the alternative, we respectfully request that the Court permit those portions of the Complaint and parties' Trial Papers that contain summaries of Anticia's Medical Records to be filed with redactions.

*Conclusion*

For the foregoing reasons, Anticia respectfully requests that this Court enter an Order granting this Letter Motion to place the Medically Sensitive Documents under seal in order to protect her legitimate privacy interests.

If Your Honor should have any questions, please do not hesitate to contact us. Thank you for your attention to this matter.

Respectfully submitted,

Paul M. Kampfer

c.: Robert Wright, Esq. (via ECF)
Mariam Hashmi, Esq. (via ECF)

---

[2] Given the sheer amount of Medical Records contained in the Administrative Record (*i.e.*, approximately 62% or 1,280 pages out of 2,051 pages), we respectfully request that the Court seal the entire Administrative Record rather than require counsel to separate out close to 1300 pages. *See, e.g., Gary v. Unum Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 64186, *9-10 (D. Or. April 17, 2018) (granting motion to seal entire administrative record noting that "[i]t is not a useful expenditure of counsel's time to separate and redact the approximately 1,800 pages of the administrative record that contains medical and sensitive personal information").

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ANTICIA MACALOU,

          Plaintiff,

-against-

FIRST UNUM LIFE INSURANCE COMPANY,
MCKINSEY & COMPANY, INC. PLAN, and
MCKINSEY & COMPANY, INC.,

          Defendants.

------------------------------------x

Civil Action No.1:22-cv-10439

**STIPULATION**

IT IS STIPULATED AND AGREED by the parties, through the undersigned counsel, that the following documents shall be sealed, and visible only to the Court, the parties, and the parties' counsel:

- Complaint (Docket Number 1);

- Administrative Record bates stamped FUL-CL-LTD-000001-002051, filed on the Court's Electronic Case Filing System at Docket Numbers 48-1 through 48-11;

- Parties' Trial Briefs and Statements of Proposed Facts (Docket Numbers 49 through 53);

- Parties' Opposition Trial Brief and Response to Statements of Proposed Facts, which are due, and to be filed, on February 23, 2024; and

- Parties' Reply Trial Briefs, which are due, and to be filed, on March 11, 2024.

SO STIPULATED AND AGREED.

_____
Michael S. Miller, Esq.
Paul M. Kampfer, Esq.

Dated: February 21, 2024

_____
Robert Wright, Esq.
Mariam Hashmi, Esq.

Dated: February 21, 2024

SO ORDERED.

Dated:
New York, New York

_____
P. Kevin Castel
United States District Judge