UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTICIA MACALOU,

                    Plaintiff,


                                                    22-cv-10439 (PKC)


          -against-                                 ORDER


FIRST UNUM LIFE INSURANCE COMPANY,
et al.,

                    Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

          Antica Macalou has moved for reconsideration of an Order requiring her to file on

the public docket certain portions of the Administrative Record relating to her challenge to the

denial of long-term benefits by the plan administrator, First Unum Life Insurance Company

("Unum").  (ECF 76.)  She seeks reconsideration of the portion of the Court's Order requiring

plaintiff to file the Administrative Record with only Macalou's unrelated medical information

and personal information redacted.  She contends that the entire administrative record should be

filed under seal because her "need to protect her confidential medical information (as compared

to the summaries thereof contained in the Complaint and Trial Briefs) is a significant

countervailing interest that outweighs the presumption of public access."  (Id. at 2.)  The

defendant has not taken a position on Macalou's motion for reconsideration.  (ECF 77.)  For the

reasons that will be explained, the Court will adhere to its prior Order.

          There is no dispute that the Administrative Record is a "judicial document" to

which a common law presumption of public access attached.  Lugosch v. Pyramid Co., 435 F.3d

110, 119 (2d Cir. 2006).  A judicial document that "directly affect[s] an adjudication" is to be

afforded the strongest presumption of public access.  Id. (internal quotation omitted).  In this

case, the parties have stipulated that this action will be tried to the Court pursuant to Rule 52(a),

Fed. R. Civ. P. based upon a stipulated administrative record.  Were the administrative record

sealed as the plaintiff requests, the public would not be able to access the document that the

Court will base all of its Findings of Fact upon.  The presumption of public access is based on

the need for the federal courts "to have a measure of accountability and for the public to have

confidence in the administration of justice."  United States v. Amodeo, 71 F.3d 1044, 1048 (2d

Cir. 1995).  If the Administrative Record were sealed in its entirety, the public would be

deprived of important information necessary to an understanding of its ruling.

      In weighing whether the presumption of public access outweighs Macalou's

privacy interests, it is important to understand that which she seeks to seal.   Macalou's request

to seal the entirety of the Administrative Record is vastly overbroad and unwarranted.   For

example, the Administrative Record includes: a blank Unum Disability Claim Form sent to

Macalou for completion (ECF 48-1 at 35); a description of the duties of an associate partner (Id.

at 51 et seq.); her employer's group policy with Unum (Id. at 98 et seq.); compensation

information (Id. at 54 et seq.); a Department of State, Division of Corporations, Entity

Information Form (ECF 48-2 at 87 et seq.); social media postings concerning her employment

experience (ECF 48-2 at 90 & 98.)  The claim that the entire Administrative Record ought to be

sealed because it contains Macalou's "health history, diagnosis, treatments, medications, and

personal problems, to which the public does not need access" is unwarranted (ECF 76 at 6.)

Information about her employment history, relationship with co-workers, job responsibilities and

performance would not necessarily disclose any of the medical information she seeks to protect.

- 2 -

It is not the duty of the Court to sift through the voluminous Administrative Record to locate

such personal medical information that might overcome the presumption of access.  It rests

squarely with the party seeking to seal the materials to establish that sealing is warranted.

Macalou's counsel's view that narrowly redacting from information the Administrative Record

would be "burdensome" and "not a useful expenditure of counsel's time" (ECF 76, at 5 n.2; ECF

56, at 4 n. 4) is not a ground for denying the public of access to any of the Administrative

Record.

The motion for reconsideration (ECF 76) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
          May 13, 2024