UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTICIA MACALOU,

                         Plaintiff,                      22-cv-10439 (PKC)

            -against-                          ORDER

FIRST UNUM LIFE INSURANCE COMPANY,

                         Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.,

        Anticia Macalou brought an ERISA action against First Unum Life Insurance Company ("First Unum"), which administers a Group Long Term Disability Insurance Policy for her former employer. The Court found in Macalou's favor on a stipulated record and entered a Final Judgment on January 6, 2025. The judgment for disability benefits through December 13, 2024, has been satisfied. The Court subsequently awarded statutory attorneys' fees and expenses and prejudgment interest, which, combined with the back benefits awarded, total over $1.3 million (less 30% attorneys' fees) to Ms. Macalou.

        Ms. Macalou, proceeding pro se, has asserted a barrage of complaints about her lawyers, arguing principally that their fees are excessive and unlawful. The parties' retainer agreement provides that the law firm is entitled to 30% of her recovery as a contingency fee. The law firm currently receives Ms. Macalou's monthly benefits of $24,083.37 directly from First Unum and deducts fees of 30% before remitting a net monthly benefit to Ms. Macalou of $16,858.36, or over $200,000 on an annualized basis. Macalou seeks a temporary restraining order and a preliminary injunction enjoining this practice and what she alleges to be improper

handling of IOLTA funds related to the case.  Macalou's request for injunctive relief also includes additional prescriptions, such as a full accounting of fees collected thus far.

The Court acknowledges that it may exercise ancillary jurisdiction over this fee dispute but declines to do so.  See Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., 863 F.2d 251, 256 (2d Cir. 1988) ("It is well settled that '[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action . . . .'" (citations omitted)); see also Chesley v. Union Carbide Corp., 927 F.2d 60, 65 (2d Cir. 1991) (noting ancillary jurisdiction over fee disputes can survive termination of the underlying litigation).  Factors that may weigh in favor of exercising ancillary jurisdiction include (1) the Court's familiarity with the subject matter of the dispute, (2) the Court's responsibility to protect officers of the court, (3) the parties' convenience, and (4) judicial economy.  Levitt v. Brooks, 669 F.3d 100, 104 (2d Cir. 2012) (citing Cluett, 863 F.2d at 256).

The Court gives due weight to its responsibility to protect attorneys when defendants contest their payment obligations.  It also recognizes that it may be more convenient for the parties to litigate the fee dispute now in this Court.  But the Court's knowledge of the issues underlying the ERISA case does not encompass the particulars of the parties' contractual arrangements on which the fee dispute rests.  For this reason, exercising ancillary jurisdiction would require the Court to decide entirely new claims and would not result in judicial economy.

Macalou's motion filed with the Court on October 9, 2025, including an affidavit sworn to on October 5, 2025, seeks as alternative relief an extension of time to file a notice of appeal purportedly expiring on September 26, 2025.  (ECF 123 at 18-19.)  That relief is denied because the purported deadline has expired.

- 3 -

From the Court's review of the docket, the materials referenced here are sealed. Ms. Macalou's motion to seal filed with the Court on October 10, 2025, is therefore denied as moot, and all other relief is denied.

The Clerk is requested to terminate the motions at ECF 122 & 124.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 16, 2025

Mailed To:
Anticia Macalou
44 Cornell Avenue
Yonkers, New York 10705