# HILLER, PC
*Attorneys at Law*

641 Lexington Avenue, 29th Floor  
New York, New York 10022  
Tel.: (212) 319-4000

Web Address: www.hillerpc.com  
Direct email:pkampfer@hillerpc.com

November 5, 2025

*Via ECF*  
Honorable P. Kevin Castel  
United States Courthouse  
Courtroom 11D  
500 Pearl Street  
New York, New York 10007

*Provisionally I will allow the motion to be filed under seal provided it is supplied in full to Ms. Macalou.*

*SO ORDERED*  
*/s/ [signature] USDJ*  
*11-5-25*

Re:   *Macalou v. First Unum Life Ins. Co., et al.*  
       Civil Action No.: 22-cv-10439 (PKC)

Dear Judge Castel:

We represented Plaintiff, Anticia Macalou ("Plaintiff" or "Macalou"), in the above-referenced ERISA enforcement action against Defendants. Pursuant to Your Honor's Individual Rules, we submit this letter motion ("Letter Motion") seeking an order sealing the motion to withdraw as attorneys for Plaintiff ("Motion to Withdraw"), which will be filed by Hiller, PC ("HPC") immediately after this Letter Motion.

As discussed herein, the Motion to Withdraw should be sealed because the sealing standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) is satisfied. In addition, this Letter Motion should be granted to accommodate Macalou, HPC's former client, who has in the past expressed sensitivity to the personal and legal issues surrounding her dispute with HPC, which are referenced in the Motion to Withdraw.

***Standard for Sealing Documents***

The Second Circuit has set forth a three-part test ("Three-Part Test") to determine whether documents should be placed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). *First*, the Court must determine whether the documents at issue are "judicial documents." *Id*. at 119. Documents are "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Id*. citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). *Second*, once the Court determines whether the items to be sealed are judicial documents, the Court must determine the weight of the presumption in favor of public access. *Id*. "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. *Lastly*, the Court must "'balance competing considerations against it.' Such countervailing factors include but are not limited to ... 'the privacy interests of those resisting disclosure.'" *Id*.

Hon. P. Kevin Castel
November 5, 2025
page 2

**Argument**

      HPC satisfies the *Lugosch* test in the context of the Motion to Withdraw. While the Motion to Withdraw is arguably a "judicial document" and there is a presumption in favor of public access, sealing is appropriate at the third step of the Three-Part Test. Specifically, "[c]ourts in this district routinely allow documents in support of motions to withdraw as counsel to be filed *ex parte* and under seal where necessary to preserve the higher values of confidentiality of the attorney-client relationship between a party and its counsel." *Scala v. Little Feet Childcare Ctr. LLC*, 2024 WL 3342604, at *1 (S.D.N.Y. July 9, 2024) (*citing* Lugosch, 435 F.3d 110 at 125). *See also*, *Vick on behalf of Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd.*, 2024 WL 923417, at *1 (S.D.N.Y. Mar. 4, 2024) (granting motion to seal as necessary to preserve confidentiality of the attorney-client relationship); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2025 WL 449545, at *1 (S.D.N.Y. Jan. 29, 2025) (*accord*).

      Here, inasmuch as the Motion to Withdraw references the reasons behind a dispute between attorney and client, sealing is necessary to "preserve the higher values of confidentiality of the attorney-client relationship" and to protect Macalou from any prejudice that could potentially arise in future actions. *See, e.g.*, *Scala*, 2024 WL 3342604, at *1; *Vick on behalf of Vinco Ventures, Inc.*, 2024 WL 923417, at *1; *Patsy's Brand, Inc.*, 2025 WL 449545, at *1 (*accord*). Additionally, Macalou has, in the past, requested that the information surrounding her relationship with HPC be kept under seal (*see* Dkt. No. 124, Macalou's Motion to Seal her Motion for a Temporary Restraining Order and Preliminary Injunction). As such, in addition to satisfying the Three-Part Test, HPC submits this Letter Motion in an attempt to accommodate Macalou's wishes that the details of her dispute with her former attorneys not be made a matter of public record.

**Conclusion**

      For the foregoing reasons, HPC respectfully requests that this Court enter an Order granting this Letter Motion to file the Motion to Withdraw under seal in order to protect the sanctity of attorneys/client confidentiality.

      If Your Honor should have any questions, please do not hesitate to contact us. Thank you for your attention to this matter.

                                    Respectfully submitted,

                                    Paul M. Kampfer

c.:     Anticia Macalou (via Email)
        Robert Wright, Esq. (via ECF)
        Mariam Hashmi, Esq. (via ECF)